*Owney Daugherty v. Dennison (Vil.).

Sunday Closing Laws—Affidavits Must Show Criminal Intent.

An affidavit charging a person with the violation of a Sunday closing ordinance, is not sufficient unless it charges knowledge and criminal intent. Therefore, an affidavit which simply charges that accused " on the first day of the week, commonly called Sunday, in the village and county aforesaid, allowed a place where intoxicating liquors are on other days sold or exposed for sale (the same not being a regular drug store, nor a place where intoxicating liquors are manufactured) to be open, contrary to the ordinance in such case made and provided," is insufficient to sustain a prosecution.

Error to the court of common pleas of Tuscarawas county.

*Healea & Greene*, for plaintiff in error.

*T. H. Loller*, for defendant in error.

Kibler, J.

The case of Owney Daugherty against the village of Dennison is here on error. Plaintiff in error asks us to reverse the judgment of the mayor and the judgment of the court of common pleas affirming the judgment of the mayor.

This man was arrested on an affidavit for allowing a place to be kept open on Sunday of the description of those that were open on other days of the week for the sale of liquor. There is an ordinance in the village which we think a good, sufficient and valid ordinance, and under this ordinance the affidavit was made and the arrest was made.

The affidavit charges that on December 15, 1895, said day being the first day of the week, commonly called Sunday, at the village and county aforesaid, one Owney Daugherty allowed a place where intoxicating liquors are on other days sold or exposed for sale (the same not being a regular drug store, nor a place where intoxicating liquors are manufactured) to be open, contrary to the ordinance in such case made and provided.

After his arrest on this affidavit and warrant issued upon the affidavit, a motion was made by Daugherty to dismiss the proceedings on the grounds that the ordinance of the village by virtue of which this action is brought is null and void and of no effect; and second, the affidavit filed herein and upon which this defendant was arrested is insufficient and does not state any offense, and does not charge this defendant with any violation of any ordinance of said village. This motion was overruled, case was tried, and resulted in the conviction of Daugherty and assessment of a fine. As I stated, we find that this ordinance is not the subject of criticism made in this motion, but is a proper and valid ordinance.

The only question to be considered is whether or not this affidavit is sufficient. This affidavit simply says, on this day Daugherty allowed a place where intoxicating liquors are on other days sold or exposed for sale, to be open. It is claimed that this affidavit is insufficient for several reasons, among others, that it does not charge that he knowingly allowed this place to be open. The question we have to consider, and which we think is of some importance here, is whether this affidavit, as it is, is sufficient.

Now, an act may be innocent or may be criminal, and I use the word "criminal" in the broad sense according to the intent in which it is

done. We think that where it is a case where the guilt, or whether the act is innocent or criminal should be stated in the affidavit, that is to say; the crime, or the intent which makes an act, which may be innocent, criminal, should be stated in the affidavit. Now, this affidavit does not show that Daugherty fraudulently or knowingly allowed a place where intoxicating liquors are on other days sold or exposed for sale to be open. We think some word at least ought to be in this affidavit which shows a wrong intent on the part of this man. Now, a man may go into a place where he has been in the habit of selling intoxicating liquors on week days, with an innocent intent, and may go in for a cigar, for instance, and leaving the door open a little while, and may go in for a number of proper reasons. Therefore, by merely having it open a short time is not an offense under this ordinance, and we think the word "unlawfully" or "knowingly" or something of that description ought to have been in this affidavit in order to show that this opening was a wrongful opening. Now, although we do not hold that the strictness that is used in indictments ought to be expected or required in affidavits of this description, yet, as I have said, there ought to be something in the affidavit to show that the act was done with a wrongful intent.

In the Ohio Criminal Code, by Wilson, page 340, the charge is stated in this way : "Being the first day of the week, commonly called Sunday, did unlawfully and knowingly allow to remain open, a certain room, said room being then and there and theretofore a place where on other days of the week than the first, commonly called Sunday, were there and therein sold and exposed for sale, by the said E. F., intoxicating liquors, to-wit: ' brandy, whisky, gin, ale, beer and wine, the said room not being then and there a regular drug store."

Now, there is the expression used by this author in this form, "did unlawfully and knowingly." Now, we, of course, have not overlooked the statute in respect to criminal proceedings. "No indictment shall be deemed invalid, nor shall the trial, judgment, or other proceedings be stayed, arrested, or in any manner affected by the omission of the words 'with force and arms,' or any words of similar import; nor for the omission of the words 'as appears by the record;' nor for omitting to state the time at which the offense was committed, in any case in which time is not of the essence of the offense; nor for stating the time imperfectly; nor for want of statement of the value or price of any matter or thing, or the amount of damages or injury, is not of the essence of the offense; nor for the want of an allegation of the time or place of any material fact, when the time and place have once been stated in the indictment; nor that dates and numbers are represented by figures ; nor for any omission to allege that the grand jurors were impaneled, sworn, or charged; nor for any surplusage, or repugnant allegation, where there is sufficient matter alleged to indicate the crime and person charged; nor for want of averment of any matter not necessary to be proved; nor for any other defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits." I say, we had that in view, and having that in view and with the views I have expressed, we are constrained to conclude that this transaction should not have been commenced in this way and that the judgment of the mayor, and the judgment of the court of common pleas, affirming the judgment of the mayor, should be reversed, and it is so ordered and prisoner discharged.